UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LARRY ROOSEVELT CARTER,

        Plaintiff,

v.

HEIDI WASHINGTON,

        Defendant.
_____/

Case No. 1:25-cv-51

Honorable Ray Kent

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff paid the filing fee when he initiated this action. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under

longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendant has not yet been served, the undersigned concludes that the Defendant is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way the Defendant is not a party who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record

2

does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.  Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility in Ionia, Ionia County, Michigan. Plaintiff sues MDOC Director Heidi Washington in her official capacity. (Compl., ECF No. 1, PageID.2.)

In Plaintiff's complaint, he states that in September of 1997, non-party state court Judge William G. Schma "sentenced [Plaintiff] to parolable life for [Plaintiff's] second-degree murder conviction." (*Id.*, PageID.3.) At that time, Plaintiff asked Judge Schma "what that sentence meant," and in response Judge Schma "explained that after 17 years of incarceration, [Plaintiff] would

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

become eligible for release." (*Id.*) Plaintiff states that he "determined, then, that [he] would do [his] best." (*Id.*)

After Plaintiff completed his "17th year in 2013," non-party Parole Board member Jayne Price informed Plaintiff that he had done "a great job," "but, [the Parole Board would] like to see [Plaintiff] do more time." (*Id.*) Plaintiff claims that "[a]t that point, the MDOC levied back-to-back-to-back 5-year continuances . . . in 2013, 2018, and 2023." (*Id.*)

Plaintiff alleges that "[l]acking a valid reason to keep [him] imprisoned, Director Washington's MDOC listed unsupported evidence as its reason to keep [Plaintiff] confined." (*Id.* (citing MDOC Parole Board Decision dated 11/28/2023, Ex. A, ECF No. 1-2).) Specifically, Plaintiff alleges that the "MDOC accuses [him] of a []criminal history (that) includes drug/alcohol-related crimes as though [Plaintiff has] a 'rap sheet.'" (*Id.*) Plaintiff states that "prior to [his] terrible crime in 1996," his "actual criminal history" "[wa]s comprised of two misdemeanor [driving under the influence (DUI)]s—one in Newago [C]ounty in 1983; the other in Kalamazoo [C]ounty in 1987." (*Id.*) Plaintiff claims that the MDOC has "purposefully pursued a false narrative that ignore[s] personal and professional contributions and achievements that would have been difficult, if not impossible, for [Plaintiff] to achieve within the hell-scape this government agency ha[s] constructed . . . ." (*Id.* (citing "Contributions and Achievements," Ex. B, ECF No. 1-3).)

In summary, Plaintiff claims that "Director Washington's MDOC lied about [his] criminal history; they lied about [his] use of drugs and alcohol, referring to it as a '. . . history of substance abuse of longstanding duration.'" (*Id.* (ellipses in original).) Plaintiff alleges that "[t]hese false charges are at the crux of Director Washington's justification for keeping [Plaintiff] confined," and "[t]hese charges are objective . . . [and] can be proven[] or disproven by official records and

4

documents, or by the absence of such records." (*Id.*) Plaintiff states that he is "entitled as any American citizen to the truth of why [he and his] family . . . are being denied our liberty."[2] (*Id.*)

As relief, Plaintiff asks the Court to "demand proof from Director Washington and her MDOC of these defamatory allegations," and "[i]f she has no proof, then [Plaintiff] ask[s] th[e] Court to direct Director Washington to schedule a duly[] earned public hearing . . . or to grant [Plaintiff's] out-right release from prison upon time duly served."[3] (*Id.*, PageID.4.)

---

[2] As to Plaintiff's statement that "[he and his] family . . . are being denied our liberty" (Compl., ECF No. 1, PageID.3), federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. 28 U.S.C. § 1654. That statute provides that, "[i]n all courts of the United States the parties may plead and conduct *their own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." *Id.* (emphasis added). The statute clearly makes no provision for a *pro se* party to represent others. The federal courts have long held that § 1654 preserves a party's right to proceed *pro se*, but only with respect to his or her own claims. Only a licensed attorney may represent other persons. *See Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–03 (1993); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969). Therefore, *pro se* Plaintiff may only represent himself with respect to his individual claims and may not act on behalf of his family.

[3] As to Plaintiff's request for the Court "to grant [Plaintiff's] out-right release from prison upon time duly served" (Compl., ECF No. 1, PageID.4), in *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the United States Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500. The Supreme Court specifically rejected the proposition that a suit under § 1983 provided a viable alternate path to obtain that relief. Thus, as to Plaintiff's request for release from incarceration and to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed because Plaintiff has failed to state a claim under § 1983 upon which the relief he seeks may be granted. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (holding that dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement). Moreover, the Court will not construe this action as a federal habeas corpus action "because habeas relief is available only to prisoners who are in custody in violation of the Constitution or laws of the United States," and "[t]here is no constitutional right to parole and the laws of Michigan do not create a liberty interest in parole." *Walton v. Michigan*, 115 F. App'x 786, 787 (6th Cir. 2004) (citations omitted); *see also Moore v. Pemberton*, 110 F.3d 22, 23–24 (7th Cir. 1997) (discussing that the reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

6

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

      A.      **Fourteenth Amendment Due Process Claims**

            1.      **Procedural Due Process Claims**

The Court construes Plaintiff's complaint to raise a procedural due process claim regarding his right to receive parole. (*See* Compl., ECF No. 1, PageID.3 (stating that by denying him parole, he is "being denied [his] liberty").)

To establish a procedural due process violation, a plaintiff must show that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson*, 209 F. App'x 456, 458 (6th Cir. 2006). To the extent that Plaintiff raises a procedural due process claim based on a right to parole, he fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. Indeed, there is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164–65 (6th Cir. 1994) (en banc), the United States Court of Appeals for the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. The Sixth Circuit reiterated the continuing validity of *Sweeton* in *Crump v. Lafler*, 657 F.3d 393, 404 (6th

Cir. 2011). In *Crump*, the Sixth Circuit held that the adoption of specific parole guidelines since *Sweeton* does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole. *See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). In addition, the Sixth Circuit has rejected the argument that the Due Process Clause is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the sentencing judge. *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010). Finally, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603–04 (Mich. 1999).

Under this authority, Plaintiff has no reasonable expectation of liberty until he has served his maximum sentence, which is life in prison. The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11. Thus, any failure or refusal by the Michigan Parole Board to consider Plaintiff for, or grant him, parole does not implicate a federal right. In the absence of a liberty interest, Plaintiff fails to state a claim for a violation of his procedural due process rights. Accordingly, Plaintiff's Fourteenth Amendment procedural due process claim will be dismissed for failure to state a claim.

### 2.      **Substantive Due Process Claims**

To the extent that Plaintiff intended to raise a substantive due process claim regarding the Michigan Parole Board's refusal to grant Plaintiff parole, as explained below, he fails to state such a claim. "Substantive due process . . . serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). Specifically, "[s]ubstantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with

rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Conduct shocks the conscience if it 'violates the decencies of civilized conduct.'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998)).

Here, Plaintiff alleges that "Director Washington's MDOC lied . . . about [his] use of drugs and alcohol" by claiming that Plaintiff has a "criminal history (that) includes drug/alcohol-related crimes." (Compl., ECF No. 1, PageID.3.) However, in Plaintiff's complaint, he acknowledges that he has two prior DUI convictions. (*See id.*) Under these circumstances, the facts alleged in the complaint fall short of showing the sort of egregious conduct that would support a substantive due process claim. *Cf. Cale v. Johnson*, 861 F.2d 943, 950 (6th Cir. 1988) (holding that framing an inmate by planting evidence may violate substantive due process where a defendant's conduct shocks the conscience and constitutes an "egregious abuse of governmental power"), *overruled in other part by Thaddeus-X*, 175 F.3d at 388; *Davis v. Gallagher*, No. 1:16-cv-1405, 2016 WL 7403941, *4 (W.D. Mich. Dec. 22, 2016).

Accordingly, any intended Fourteenth Amendment substantive due process claims will be dismissed for failure to state a claim.

**B.    Defamation Claim**

Out of an abundance of caution, and in deference to Plaintiff's *pro se* status, the Court construes Plaintiff's reference to "defamatory allegations," as set forth in the "relief" section of his complaint, to raise a state law defamation claim. (Compl., ECF No. 1, PageID.4 (asking the Court to "demand proof from Director Washington and her MDOC of these defamatory allegations").)

As an initial matter, claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S.

9

922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton*, 27 F.3d at 1166. Therefore, Plaintiff's assertion that Defendant violated state law fails to state a claim under § 1983.

As to Plaintiff's state law defamation claim, in Michigan, the four elements of a defamation claim are as follows:

> (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication.

*Ghanam v. Does*, 845 N.W.2d 128, 142 (Mich. Ct. App. 2014) (citations omitted). Further, "[a] plaintiff claiming defamation must plead a defamation claim with specificity by identifying the exact language that the plaintiff alleges to be defamatory." *Thomas M. Cooley L. Sch. v. Doe 1*, 833 N.W.2d 331, 341 (Mich. Ct. App. 2013) (footnote omitted).

In this action, Plaintiff references unspecified "defamatory allegations" in the "relief" section of his complaint; however, he fails to specifically identify the "exact language that [he] alleges to be defamatory." (Compl., ECF No. 1, PageID.4); *Thomas M. Cooley L. Sch.*, 833 N.W.2d at 341. Moreover, even generously construing *pro se* Plaintiff's complaint to allege that the statements regarding his past criminal history on the attached MDOC Parole Board Decision, which is dated November 18, 2023, (Ex. A, ECF No. 1-2), are the "defamatory statements" at issue, Plaintiff fails to satisfy the first element of a defamation claim. Specifically, although it is clear that Plaintiff disagrees with the Parole Board's characterization of his criminal history, claiming that the "MDOC accuses [him] of a []criminal history (that) includes drug/alcohol-related crimes as though [Plaintiff has] a 'rap sheet,'" Plaintiff admits that he has two prior DUI convictions. (Compl., ECF No. 1, PageID.3.) Therefore, despite Plaintiff's claim that the MDOC has "purposefully pursued a false narrative" regarding his criminal history by saying that he has

10

past "alcohol-related crimes," the facts in the complaint show that Plaintiff does in fact have prior "alcohol-related crimes." (*Id.*) Under these circumstances, Plaintiff fails to show that the statements at issue are false, and thus, he fails to state a defamation claim.

Accordingly, for these reasons, Plaintiff's defamation claim will be dismissed for failure to state a claim.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim under 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: February 10, 2025                /s/ Ray Kent
                                         Ray Kent
                                         United States Magistrate Judge

11